1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11   JOSEPH RICHARD GONZALES,              )  Case No.: 1:20-cv-00517 JLT
                                           )
12                  Plaintiff,             )  ORDER TO SHOW CAUSE WHY THE ACTION
                                           )  SHOULD NOT BE DISMISSED FOR PLAINTIFF'S
13        v.                               )  FAILURE TO COMPLY WITH THE COURT'S
                                           )  ORDER
14   ANDREW SAUL,                          )
     Commissioner of Social Security,      )
15                                         )
                    Defendant.             )
16   _____)

17        On April 26, 2021, Joseph Pena, counsel for plaintiff Joseph Richard Gonzales, filed a notice

18   of "Suggestion of Death" upon the record. (Doc. 15.) Mr. Pena indicated that on April 7, 2021, he

19   "was notified by Social Security that the Plaintiff had passed away" on August 23, 2020.  (*Id.* at 1.)

20   Pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure, the Court ordered that "[a]ny

21   motion to substitute a party as plaintiff shall be filed no later than July 15, 2021."  (Doc. 16 at 2,

22   emphasis omitted.) To date, no motion for substitution has been filed.

23        The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a

24   party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any

25   and all sanctions . . . within the inherent power of the Court."  Local Rule 110.  "District courts have

26   inherent power to control their dockets," and in exercising that power, a court may impose sanctions

27   including dismissal of an action.  *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831

28   (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute

                                            1

an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Plaintiff's counsel is **ORDERED** to show cause **within fourteen days** of the date of service of this Order why the action should not be dismissed for the failure comply with the Court's order and failure to prosecute, or in the alternative, to file a motion for substitution.

IT IS SO ORDERED.

Dated:   **July 19, 2021**                    **/s/ Jennifer L. Thurston**
                                              CHIEF UNITED STATES MAGISTRATE JUDGE