UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH RICHARD GONZALES,<br><br>    Plaintiff,<br><br>    v.<br><br>KILOLO KIJAKAZI[1],<br>Acting Commissioner of Social Security,<br><br>    Defendant. | Case No.: 1:20-cv-0517 JLT<br><br>ORDER DISMISSING THE ACTION WITHOUT PREJUDICE |

Joseph Richard Gonzalez initiated this action seeking judicial review of a decision denying his application for Social Security benefits. (Doc. 1) On April 26, 2021, Joseph Peña, counsel for Mr. Gonzales, filed a notice of "Suggestion of Death," in which he indicated the Social Security Administration had informed counsel that "the Plaintiff had passed away." (Doc. 15 at 1.) The Court ordered "[a]ny motion to substitute a party as plaintiff SHALL be filed no later than July 15, 2021," pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure. (Doc. 16 at 2, emphasis omitted.)

On July 19, 2021, the Court noted a motion had not been filed and ordered Mr. Peña to show cause "show cause within fourteen days of the date of service of this Order why the action should not be dismissed for the failure comply with the Court's order and failure to prosecute, or in the alternative, to file a motion for substitution." (Doc. 19 at 2, emphasis omitted.) In response, Mr. Peña

---

[1] This action was originally filed against Andrew Saul in his capacity as the Commissioner of Social Security. (*See* Doc. 1 at 1.) The Court has substituted Kilolo Kijakazi, who has since been appointed the Acting Commissioner of Social Security, as the defendant. *See* Fed. R. Civ. P. 25(d).

1

requested an extension of time, noting he was informed Mr. Gonzalez had a companion named Ericka Deal who had lived with the deceased, and Mr. Peña was willing to attempt service "on the possible successors in interest or legal representative." (Doc. 20 at 3.)

On September 16, 2021, Mr. Peña filed a "Certificate of Service," indicating service of the "Suggestion of Death," "Order after Suggestion of Death," the "Order to Show Cause," and the "Response to the OSC." (Doc. 21 at 1.) The proof of service indicates Ms. Deal was served with these documents on September 9, 2021. (*Id.*)

Pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure, the action may continue if a claim is not extinguished, and "[a] motion for substitution may be made by any party or by the decedent's successor or representative." If the requirements of Rule 25(a) (1) are met, "[t]he substituted party steps into the same position as [the] original party." *Hilao v. Estate of Marcos*, 103 F.3d 762, 766 (9th Cir. 1996). However, "[i]f the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed.R.Civ.P. 25(a)(1).

Because the "Suggestion of Death" was filed on the record and served upon a potential successor in interest on September 9, 2021, any motion for substitution was due no later than December 8, 2021. *See* Fed.R.Civ.P. 25(a)(1); *see also Summerfield v. Fackrell,* 2012 WL 113281, at *2 (E.D. Cal. Jan. 11, 2012) (before the 90-day period begins to run, the suggestion of death must be filed on the record and served to the other parties); *see also Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). Importantly, Rule 25(a)(1) is stated in mandatory terms, and the action "*must* be dismissed" give the failure to timely file a motion for substitution. *See id.* (emphasis added.) Accordingly, the Court **ORDERS**:

    1.    The action is **DISMISSED** without prejudice; and

    2.    The Clerk of Court is **DIRECTED** to close this action.

IT IS SO ORDERED.

Dated: __December 20, 2021__          __ /s/ Jennifer L. Thurston__
                                               CHIEF UNITED STATES MAGISTRATE JUDGE